IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
FOR THE USE AND BENEFIT OF
CHRISTOPHER DRIBUSCH as CHAPTER 7
TRUSTEE for the ESTATE OF THE VELLANO
CORPORATION
                Plaintiff,

v.

AEGIS SECURITY INSURANCE
COMPANY,

                Defendant.

**COMPLAINT**

**Case No.** 1:18-cv-387 (GTS/CFH)

---

TO THE HONORABLE JUDGE OF SAID COURT:

The Use Plaintiff, Christopher Dribusch as Chapter 7 Trustee of the Estate of The Vellano Corporation, by and through his attorneys, Breakell Law Firm P.C., for its complaint against the defendant, states and alleges as follows:

1. At all times relevant hereto, The Vellano Corporation, was a New York corporation, with offices for the conduct of business located at 7 Hemlock Drive, Latham, New York 12110 and was engaged in the business of supplying underground utilities including, but not limited to pipe, fittings, valves, hydrants and accessories. On July 21, 2017, The Vellano Corporation filed a Voluntary Petition in Bankruptcy under Chapter 11 of the United States Bankruptcy Code and Christian Dribusch was appointed Bankruptcy Trustee. Thereafter, on January 3, 2018 an Order was entered converting the Case to Chapter 7.

2. Use Plaintiff, Christopher Dribusch as Chapter 7 Trustee of the Estate of The

Vellano Corporation, at all times herein mentioned was and still is a United States Bankruptcy Chapter 7 Trustee with offices for the principal conduct of business located at 1001 Glaz Street, East Greenbush, New York 12061 and is the Chapter 7 Trustee appointed to the Estate of The Vellano Corporation. (hereinafter referred to as "Use Plaintiff" or "The Vellano Corporation"). At all times relevant hereto, The Vellano Corporation was engaged in the business of supplying underground utilities including, but not limited to pipe, fittings, valves, hydrants and accessories.

3. Upon information and belief, at all times herein mentioned, defendant's principal, Strock Enterprises, Ltd., was and still is a New York corporation organized and existing under the laws of the State of New York with offices for the principal conduct of business located at 2095 Old Union Road, Cheektowaga, New York 14227 and was engaged in the business of general construction contracting.

4. Upon information and belief, at all times herein mentioned, defendant Aegis Security Insurance Company was and still is a Pennsylvania corporation with offices for the principal conduct of business located at 4507 North Front Street, Suite 200, Harrisburg, Pennsylvania 17110 and was engaged in the business of corporate suretyship.

5. Jurisdiction of this case is conferred by Section 270a and 270b of Title 40 of the United States Code Annotated, commonly known as the "Miller Act" and upon the principles of pendent jurisdiction. Venue is proper under 40 USC 270b.

6. Upon information and belief, the United States Government and defendant's principal, Strock Enterprises, Ltd., entered into a written contract, whereby the said Strock Enterprises, Ltd., agreed to furnish all labor and materials and perform all work for the project identified as Replace Underground Water Lines at the Watervliet Arsenal under Contract No. W911PT-15-C-0004 located at Watervliet, New York.

7.      The Vellano Corporation was hired as a subcontractor to Contractor, ANJO Construction, Ltd., a subcontractor to Strock Enterprises, Ltd. the General Contractor/Principal on the project identified as Replace Underground Water Lines at the Watervliet Arsenal under Contract No. W911PT-15-C-0004 and supplied all materials and performed all services required.

8.      Pursuant to the provisions of the Miller Act, Strock Enterprises, Ltd., as principal, and defendant, Aegis Security Insurance Company, as surety, bound themselves jointly and severally to assure the payment by said principal of the claims of all persons supplying labor and materials in the prosecution of the work provided in said contract, and any all modifications thereof.

9.      The said bond was duly accepted by the United States of America, and upon such acceptance, the project identified as Replace Underground Water Lines at the Watervliet Arsenal, Contract No. W911PT-15-C-0004, referred to in paragraph numbered 6 hereof was awarded to Strock Enterprises, Ltd.

10.     Thereafter, ANJO Construction, Ltd., a subcontractor to Strock Enterprises, Ltd., issued a Purchase Order whereby The Vellano Corporation agreed to furnish to ANJO Construction, Ltd., a subcontractor to Strock Enterprises, Ltd. certain underground utilities including, but not limited to pipe, fittings, valves, hydrants and accessories to furnish materials required of Strock Enterprises, Ltd. under its contract with an Instrumentality of the United States.

11.     Beginning on or about April 16, 2015, The Vellano Corporation furnished underground utilities including, but not limited to pipe, fittings, valves, hydrants and accessories to Strock Enterprises, Ltd. to enable Strock Enterprises, Ltd. to perform the work required of it under its contract with an instrumentality of the United States.   The Vellano Corporation continued to furnish material to Strock Enterprises, Ltd. until on or about October 1, 2016.   Strock Enterprises,

Ltd. accepted the material furnished by The Vellano Corporation.

12. The Vellano Corporation has furnished all of the materials required of it for the project and, after giving credit for payments on account thereof, there is a balance of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars presently due and owing to The Vellano Corporation in connection with the above project.

13. Said Strock Enterprises, Ltd. has failed and neglected to pay The Vellano Corporation the sum of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars due and owing to The Vellano Corporation whereupon The Vellano Corporation within ninety (90) days from the last day upon which The Vellano Corporation furnished materials on the above project, duly notified Strock Enterprises and defendant, Aegis Security Insurance Company, that The Vellano Corporation had not been paid by ANJO Construction, Ltd. or Strock Enterprises, Ltd. the sum of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars and demanded payment of the aforesaid sum.

14. By reason of the failure of defendant, Strock Enterprises, Ltd. to pay Use Plaintiff, The Vellano Corporation the sum of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars justly due and owing to Use Plaintiff, The Vellano Corporation as aforesaid, and in accordance with the provisions of the payment bond heretofore identified, and the Miller Act, Strock Enterprises, Ltd., as principal, and Aegis Security Insurance Company, as surety, have become indebted, jointly and severally, to the Use Plaintiff, in the sum of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars.

15. More than ninety (90) days, but less than one (1) year, has expired from the last date upon which Use Plaintiff furnished materials on the above project, as aforesaid.

16. The Use Plaintiff has conformed and complied with all of the conditions required of

it under the aforesaid payment bond, and the Miller Act.

17. All of the foregoing materials furnished by the Use Plaintiff for the above project were furnished within the Northern District of the State of New York.

**WHEREFORE**, Use Plaintiff, Christopher Dribusch as Chapter 7 Trustee of the Estate of The Vellano Corporation, demands judgment against defendant, Aegis Security Insurance Company, in the sum of Forty Eight Thousand, Four Hundred Five and 45/100 ($48,405.45) Dollars with attorney's fees, interest and cost of suit together with such other and further relief as the Court deems just and proper.

Dated: March 30, 2018

Respectfully submitted,

Walter G. Breakell
Bar Roll No. 301080
BREAKELL LAW FIRM P.C.
*Attorneys For Use Plaintiff*
*Christopher Dribusch as Chapter 7 Trustee*
*of the Estate of The Vellano Corporation*
Office & P.O. Address
10 Airline Drive
Albany, New York 12205
(518) 869-5552

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF CHRISTOPHER DRIBUSCH as CHAPTER 7 TRUSTEE OF THE ESTATE OF THE VELLANO CORPORATION

(b) County of Residence of First Listed Plaintiff   Albany
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Breakell Law Firm P.C.
10 Airline Drive, Albany, New York 12205
(518) 869-5552

## DEFENDANTS
AEGIS SECURITY INSURANCE COMPANY

County of Residence of First Listed Defendant   Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 USC 270a-d; 40 USCS Section 3131 et seq.
Brief description of cause:
Nonpayment of Payment Bond Obligations under the Miller Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 48,405.45 plus interest, costs and attorneys fees
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 3/30/2018
SIGNATURE OF ATTORNEY OF RECORD  Walter A. Breakell

**FOR OFFICE USE ONLY**
RECEIPT # ANYNDC-4340369   AMOUNT $400   APPLYING IFP _____   JUDGE GTS   MAG. JUDGE CFH

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.